UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE FIRING PIN, LLC, LUCAS NELSON, DANIEL J. GEARY, NATIONAL RIFLE ASSOCIATION OF AMERICA, FIREARMS POLICY COALITION, INC., *and* SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.

LETITIA JAMES, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF NEW YORK, STEVEN G. JAMES, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE NEW YORK STATE POLICE, CHRISTINE CALLANAN, IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR WAYNE COUNTY, BRIAN P. GREEN, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR MONROE COUNTY, *and* KEVIN T. FINNELL, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR GENESEE COUNTY.,

Defendants.

**Case No. 26-cv-1718 – LJV**

**ANSWER**

Defendant Brian P. Green, in his official capacity as District Attorney for the County of Monroe, by and through his counsel, Matthew Schwartz, Monroe County Attorney, and Adam M. Clark, of Counsel, answer Plaintiffs’ Complaint as follows:

1. Defendant states that the allegations in Paragraphs 1, 2, 3, 6, 13 – 16, 20 – 22, 24 – 29, 31, 32, 40, 41, 43 – 49, and 59 consist of legal conclusions, characterizations of written judicial opinions, and characterizations of New York State or United States statutes, which speak for themselves, to which no responsive pleading is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraphs.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs: 4, 5, 10 – 12, 17, 19, 23, 30, 33 – 39, and 50 – 57.

3. Defendant states that the allegations in Paragraphs 7 and 8 concern individuals, entities, or activities outside of this Defendant's geographical and prosecutorial jurisdiction. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraphs.

4. Deny the allegations set forth in paragraphs: 9 and 60.

5. Defendant states that the allegations in Paragraph 18 of the complaint consist of legal conclusions, characterizations of written judicial opinions, and characterizations of New York State statutes, which speak for themselves, to which no responsive pleading is required, and otherwise admits the remaining allegations in said paragraphs.

6. Admit the allegations set forth in paragraph 42 of the complaint.

7. Respond to paragraph 58 of the complaint as responded to elsewhere herein.

8. Deny the prayer for relief and wherefore clause of the complaint, including sub-paragraphs 1 – 4 thereof.

9. Any allegation set forth in the Complaint that is not addressed above is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

10. The Complaint fails to state a claim against Defendant Monroe County District Attorney Brian P. Green upon which relief can be granted.

### Second Affirmative Defense

11. Plaintiffs lack standing to maintain this action against this Defendant under Article III of the United States Constitution because they have failed to allege a concrete, particularized, and imminent injury-in-fact traceable to this Defendant.

12. The enforcement portion of the challenged statute, N.Y. Penal Law § 265.10(10), applies by its express terms exclusively to a "dealer in firearms or gunsmith" who sells, transfers, disposes of, or transports a “convertible pistol”.

13. Plaintiffs have not alleged any “dealer in firearms or gunsmith” within this Defendant’s geographical and prosecutorial jurisdiction.

14. Therefore since there is no Plaintiff who faces any credible threat of criminal prosecution or adverse legal enforcement by this Defendant under the challenged statute, Plaintiffs fail to state a claim upon which relief can be granted against this Defendant.

### Third Affirmative Defense

15. Plaintiffs’ claims against this Defendant are not ripe for judicial review under Article III of the United States Constitution because the penal provision of the challenged statute, N.Y. Penal Law § 265.10(10), does not take effect or become enforceable until May 31, 2027.

16. Therefore no Plaintiff could face a credible threat of criminal prosecution or adverse legal enforcement from this Defendant until that date.

**Fourth Affirmative Defense**

17. Plaintiffs' claims against this Defendant in his official capacity are barred, in whole or in part, by state sovereign immunity under the Eleventh Amendment to the United States Constitution.

18. When enforcing state penal law, a New York District Attorney acts as an agent of the State of New York, and an official-capacity suit against an agent of the State is a suit against the State itself.

19. The State of New York has not waived its sovereign immunity, nor has Congress abrogated it under 42 U.S.C. § 1983, thereby stripping this Court of jurisdiction to award any damages, costs, or attorney's fees against this Defendant.

**Fifth Affirmative Defense**

20. This Defendant is protected from liability in this suit by the doctrine of absolute prosecutorial immunity.

**Sixth Affirmative Defense**

21. Any act or omission of this Defendant was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function, and Defendant is therefore entitled to qualified immunity.

**WHEREFORE**, Defendant Monroe County District Attorney Green demands:

A. Judgment dismissing Plaintiff's complaint and all of its counts and claims, together with costs and disbursements;

B. Such other and further relief as this Court may deem just and proper.

Dated: September 10, 2026

**MATTHEW SCHWARTZ,**
**MONROE COUNTY ATTORNEY**
*Attorney for Defendant Monroe County District Attorney Brian P. Green*

______________________________
Adam M. Clark, Esq. of Counsel
Deputy County Attorney
307 County Office Building
39 West Main Street
Rochester, New York 14614
Tel: 585-753-1374
adamclark@monroecounty.gov

Service upon all counsel *via* CM/ECF.